UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARON ONEAL, individually,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ALBERTSON'S, LLC d/b/a ALBERTSON'S; SAFEWAY INC. d/b/a ALBERTSON'S; ALBERTSON'S STORES SUB LLC; AB ACQUISITION LLC; DOES 1 through 100 and ROE CORPORATIONS 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:23-cv-00643-APG-MDC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL SHANDANA MERGUSON TO APPEAR FOR DEPOSITION (ECF No. 61) |

The Court has reviewed plaintiff's *Motion For Order to Show Cause and to Compel Shandana Mergerson[1] to Appear for Deposition* (ECF No. 61)("Motion"). For the reasons below, the Court **GRANTS** the Motion.

I.   **BACKGROUND**

Plaintiff brings this personal injury action arising from an alleged slip and fall at an Albertson's supermarket store operated by defendants. On October 24, 2024, plaintiff subpoenaed Shandana Merguson to appear for a deposition. Plaintiff claims that Ms. Merguson's deposition is necessary for his development and prosecution of his case because Ms. Merguson interacted with plaintiff immediately after the alleged slip and fall incident and she took the incident report. Ms. Merguson did not appear for her deposition as required by plaintiff's subpoena.

---

[1] Plaintiff's Motion apparently misspelled Ms. Merguson's last name as "Mergerson." The Court assumes her last name is correctly spelled as "Merguson" in her Deposition Subpoena (ECF No. 62-1) and transcripts (ECF No. 61-3).

1

Plaintiff's Motion requests an Order to Show Cause requiring Ms. Merguson to appear before the Court and explain why she failed to comply with the subpoena and why she should not be held in contempt. Plaintiff further requests to compel Ms. Merguson to attend her deposition immediately following the Order to Show Cause hearing.

Plaintiff filed his Motion on December 2, 2024.  However, on November 27, 2024, plaintiff filed a notice of writ petition (ECF No. 62)("Writ") which appealed the undersigned Magistrate Judge's order (ECF No. 47) denying plaintiff's motion to strike defendants' answer and/or to remand, and the District Judge's order (ECF No. 59) overruling plaintiff's objection thereto.  Because plaintiff's Writ effectively appeals the Court's subject matter jurisdiction, the Court issued an order to the parties to show cause (ECF No. 69)("OSC") why the Court has jurisdiction to determine plaintiff's Motion and compel a non-party's deposition while plaintiff's Writ is pending with the Ninth Circuit.

Defendants' response to the Court's OSC did not directly respond to the Court's inquiry.  *See* ECF No. 72   Instead, defendants argue that jurisdiction of the action is proper in this Court and question the merits of plaintiff's Writ.  *Id.*  Substantively, defendants did not oppose the Motion nor question whether the Court has jurisdiction to determine plaintiff's Motion and compel Ms. Merguson's deposition while plaintiff's Writ is pending.  *Id.*   In his response to the Court's OSC, plaintiff broaches relief under FRCP 27(b) and argues that the Court retains jurisdictional authority thereunder to adjudicate its Motion.  *See* ECF No. 71 a p. 2.

## II.   ANALYSIS

### A.  The Court Has Jurisdiction To Determine Plaintiff's Motion

FRCP 27(b) states:
> **(b) Pending Appeal.**
> (1) *In General*. The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court.

> (2) *Motion*. The party who wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court. The motion must show:
> (A) the name, address, and expected substance of the testimony of each deponent; and
> (B) the reasons for perpetuating the testimony.
> (3) *Court Order*. If the court finds that perpetuating the testimony may prevent a failure or delay of justice, the court may permit the depositions to be taken and may issue orders like those authorized by Rules 34 and 35. The depositions may be taken and used as any other deposition taken in a pending district-court action.

*Id.*

"The availability of discovery pending appeal under Rule 27(b) is also a matter within the court's discretion." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). In *Campbell*, the Ninth Circuit summarized that:

> Rule 27(b) creates an exception to the general principle that the filing of the appeal divests the trial court of all authority over a case. Rule 27(b) contemplates that a district court with existing subject matter jurisdiction retains sufficient jurisdiction of a case under appeal to issue an extraordinary discovery order pending that appeal.

*Id.,* 982 F.2d at 1359.

Thus, *Campbell* concluded that the district court could properly consider the petitioner's motion for leave to videotape an execution. *Id.* Further, Rule 27(b) "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FRCP 1.

The Court interprets plaintiff's response to the Court's OSC (ECF No. 71) as a request for the Court to adjudicate his Motion per FRCP 27(b). Accordingly, the Court will exercise its discretion and authority under Rules 1 and 27(b), and grant plaintiff leave to pursue Ms. Merguson deposition through the Court's adjudication of its Motion.

//

//

//

### B. Ms. Merguson Is Ordered to Appear And Show Cause Why She Should Not Be Sanctioned

Per FRCP 45(b), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id*. Plaintiff established that Ms. Merguson was personally served with a subpoena for deposition on October 24, 2024. *See* ECF No. 61-2. Mr. Merguson did not appear for her deposition as required by the subpoena. *See* ECF No. 61-3. The record further demonstrates that plaintiff served Ms. Merguson with his Motion. *See* ECF No. 65. Neither Ms. Merguson nor defendants opposed plaintiff's Motion.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." *Id*. The Court therefore grants plaintiff's Motion per LR 7-2(d). The Court also grants plaintiff's Motion on the merits.

The scope of discovery afforded to parties is relatively broad. Per FRCP 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id*.

Plaintiff has established that Ms. Merguson's deposition is relevant. Among other things, plaintiff states that Ms. Merguson's deposition is necessary for his development and prosecution of this case. Ms. Merguson interacted with plaintiff immediately after his alleged slip and fall incident and made a report of the incident. Plaintiff further states that discovery to date has shown irregularities and failure by defendants in following internal accident investigation and reporting guidelines, including how Ms. Merguson handled and reported the incident.

Therefore, Ms. Merguson shall appear before the Court for the purpose of scheduling her deposition and to show cause, if any, why she should not be held in contempt for failing to comply with the deposition subpoena.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Motion is Granted.

## ORDER

**IT IS ORDERED** that plaintiff's *Motion For Order to Show Cause and to Compel Shandana Mergerson to Appear for Deposition* (ECF No. 61) is **GRANTED**. The parties and Shandana Merguson shall appear before this Court on February 13, 2025 at 9:00 a.m. in Courtroom 3D of the Lloyd D. George US Courthouse, 333 S. Las Vegas Blvd., Las Vegas, Nevada, for the purpose of scheduling her deposition and to show cause, if any, why she should not be held in contempt for failing to comply with the deposition subpoena.

**IT IS FURTHER ORDERED** that plaintiff shall cause a copy of this order to be personally served upon Shandana Merguson. Plaintiff shall thereafter file a certificate of such service.

**IT IS SO ORDERED**

Dated: February 3, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge