# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Laron Oneal, <br><br> Plaintiff, <br><br> v. <br><br> Albertson's, LLC, et al., <br><br> Defendants. | 2:23-cv-00643-APG-MDC <br><br> **REPORT AND RECOMMENDATION FINDING DEFENDANT IN CONTEMPT FOR FAILING TO COMPLY WITH THE COURT'S ORDER** <br><br> **And** <br><br> **ORDER GRANTING PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO TAKE DEPOSITIONS IN PART** |

Plaintiff filed a *Motion*[1] (ECF No. 88) requesting an arrest warrant as a contempt sanction against nonparty Shandana Mergerson ("Mergerson"), for failing to abide by a subpoena, and for failing to obey my Order to Show Cause; and (2) to reopen discovery for the limited purpose of completing Mergerson's deposition and completing the deposition of defendants' FRCP 30(b)(6) witness.

I RECOMMEND that the request for contempt sanctions be GRANTED, and that Mergerson be held in civil contempt pending her compliance with the subpoena seeking to obtain her testimony. I carefully considered plaintiff's requested sanction and recognize that an arrest warrant for civil contempt is extraordinary, but I find that lesser sanctions, including daily fines, are neither reasonable nor effective to obtain Mergerson's compliance with the subpoena. I find that Mergerson was given notice and an opportunity to comply with the subpoena or to be heard at all relevant times. Mergerson was also cautioned that her noncompliance would result in contempt. Mergerson will not be prejudiced because she will have an opportunity to purge her contempt and avoid the custodial sanction by complying with

---

[1] The plaintiff initially made an oral motion for issuance of an arrest warrant in Court (ECF No. 84) and filed a brief in furtherance of the Motion.

the subpoena or appear in Court to object or be heard.  I GRANT plaintiff's request for an extension of time to take depositions IN PART.

I.    **FINDINGS OF FACT**

After plaintiff allegedly slipped on a broken bottle of oil, Albertson's former employee Shandana Mergerson took the incident report from plaintiff. *ECF No. 88 at 2*. Defendants produced documents that confirm that at the time of this incident, Shandana Mergerson was on the clock at the time of the alleged slip. *Id.* Plaintiff sought to conduct Mergerson's deposition. *ECF No. 61 at 5*.  Plaintiff served Mergerson with a subpoena, which is an order, to appear for her deposition. *Id.* Mergerson failed to appear. *Id.* I issued an Order to Show Cause, directing plaintiff to serve her with my Order. *ECF No. 73*. A process server went to her home twice and a male confirmed that she lived there, refused service, and told the process server not to return. *ECF Nos. 74 and 75*. Counsel represents that the male flashed a gun to the process server. *ECF No. 88 at 4*.  I issued another Order to Show Cause and ordered (1) Mergerson to appear in Court for the purpose of scheduling her deposition and (2) that plaintiff must personally serve both a copy of this Order and my previous Order on Mergerson. *ECF No. 76*. A Sheriff's Constable served Mergerson, compelling her to appear before me in Court. *ECF Nos. 79-1 and 80-1*. She failed to appear, show cause, or otherwise respond. *ECF No. 84*.

II.    **MERGERSON IS IN CONTEMPT OF THE COURT'S ORDERS**

A.    **Legal Standard**

Fed. R. Civ. P. 45 allows any party to serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A person who fails to comply with a Rule 45 subpoena or related order "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g). Fed. R. Civ. P. 45 affords the respondent a full due process opportunity to contest the subpoena via objections and/or motions to quash. A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. See *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993); see also

*Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984)("A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court.").

"[C]ontempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). Civil contempt is coercive in nature; "[it] is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp.*, 503 U.S. 131, 139, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992); see also *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive.").

I am issuing this Report and Recommendation because contempt is a sanction referred to the District Judges to ultimately adjudicate. 28 U.S.C. § 636 (requiring magistrate judges to refer contempt charges to a district judge); *see also Command Video Corp. v. LodgeNet Entertainment Corp.*, 976 F. Supp. 917, 921 (N.D. Cal. 1997)(district judges adjudicate a party's contempt).

  **B.**  **Analysis**

Mergerson did not comply with the subpoena to appear for her deposition or my orders to show cause. The subpoena (ECF No. 61-2) and my Orders to Show Cause (ECF Nos. 73 and 76) were specific and definite, the Orders specifically and definitely advised Mergerson of (a) her failure to comply with the subpoena and the Court's Orders, (b) the opportunity to appear and show cause why he should not be held in contempt of that order; and (c) two clear and specific hearing dates. *See ECF Nos. 61-2, 73 and 76*. Mergerson was served with the subpoena (ECF No. 61-2). She avoided service of the first Order to Show Cause, but Mergerson was eventually served with the second Order to Show Cause, so she had notice of the subpoena and my Orders. Mergerson knew that she was required to appear for her deposition, and later to the April 25, 2025 show cause hearing. *ECF No. 84*. Mergerson did not comply with the subpoena or my Order to Show Cause and did not appear for her deposition or the April 25,

3

2025, hearing. The plaintiff, as the moving party, has satisfied his burden of showing by clear and convincing evidence that Mergerson has violated the specific and definite subpoena and my Order to Show Cause for the April 25, 2025 hearing. See *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing to *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992)).

Mergerson did not comply and is in contempt of the subpoena and Court's Order to Show Cause. Mergerson has also attempted to conceal herself and her male cohabitant brandished a gun to deter process server (*ECF No. 88 at 4*). Mergerson attempted initially to evade service. Mergerson did not demonstrate why she was unable to comply with the subpoena or the Court's Orders and has not shown cause why she should not be held in contempt. *See FTC v. Affordable Media, 179 F.3d at 1239* (once the moving party establishes non-compliance, the burden shifts to the defendant to demonstrate why he was unable to comply). The plaintiff has demonstrated that Mergerson's testimony is critical to prosecute his case.

Plaintiff has requested that an arrest warrant be issued, not to punish Mergerson, but to compel her compliance with the deposition and the court orders. Given Mergerson's repeated efforts to avoid service of process and refusals to comply with the subpoena and my Orders, I believe that Mergerson will only ignore an imposition of fines if fines alone are imposed. An arrest warrant is therefore, necessary to compel her compliance with the deposition subpoena or court appearance, and to uphold the integrity and authority of the judicial process.

Mergerson's failure to comply with and flaunt the judicial process and authority interferes with the orderly and timely administration of this case. As our courts previously noted: "Severe sanctions are warranted when 'a [party's] noncompliance has caused the action to come to a halt, thereby allowing the [party], rather than the court, to control the pace of the docket.'" *Forsythe v. Brown*, 281 F.R.D. 577, 590-1 (D. Nev. 2012), citing *Allen v. Boyer Corp.* (*In Re: Phenylpropanolamine (PPA) Products Liability Litigation*), 460 F.3d 1217, 1234 (9th Cir. 2006). "The court's power of civil contempt includes the power to issue a bench warrant for a contemnor's arrest." *Sand Creek Partners, Ltd. v. Am. Fed. Sav. & Loan Ass'n of Colorado*, No. 2:14-CV-444-GMN-VCF, 2015 WL 10401403, at *2 (D. Nev. Sept. 15,

2015), report and recommendation adopted sub nom. *Sand Creek Partners, Ltd v. Am. Fed. Sav. & Loan Ass'n of Colorado*, No. 2:14-CV-00444-GMN-VCF, 2016 WL 829974 (D. Nev. Mar. 2, 2016)(citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir.1985). *See also Invesco High Yield Fund v. Jecklin,* 10 F.4th 900, 903 (9th Cir. 2021)(affirming civil contempt order and arrest warrant for refusal to produce post-judgment discovery).

Mergerson has now brought this case to a halt, which impediment I must deter and discourage in the future. I, therefore, recommend that an arrest warrant be issued to compel Mergerson's testimony or compliance with my orders.

### III.   PLAINTIFF'S REQUEST FOR AN EXTENSION OF TIME TO TAKE DEPOSITIONS IS GRANTED IN PART

#### A.   Legal Standard

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses primarily on the movant's diligence. Per Local Rule 26-3, "[a] motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline.... A request made after the expiration of the subject deadline will not be granted unless the movant" must demonstrate "good cause," and "that the failure to act was the result of excusable neglect." Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009).  Courts have reasoned that whether neglect is excusable depends on such factors as: (1) the danger of prejudice to opposing parties; (2) the length of the delay, and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. See, e.g., *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017). The determination is an equitable matter, and the Court should consider all the relevant circumstances. *Bank of Am., N.A. v. Ann Losee Homeowners Ass'n*, 2017 U.S. Dist. LEXIS 165867, *6-9, 2017 WL 4467541 (D. Nev. Oct. 5, 2017).

**B.      Analysis**

Plaintiff argues that the Court should reopen discovery for the limited purpose of taking Mergerson's and defendants' FRCP 30(b)(6) witness's depositions. Plaintiff made his request after the expiration of the discovery deadline so he must show excusable neglect. Plaintiff's counsel states that he has had considerable health issues this year and he expected defense counsel to allow him to take the 30(b)(6) deposition after the expiration of the discovery deadline since he allowed the defendants to take depositions after the deadline expired. *ECF No. 88*. Defendants counter that it was plaintiff's witnesses' availability that dictated their late depositions. *ECF No. 91*. The defendant does not entirely oppose the deposition of the 30(b)(6) witness but argues that plaintiff never sent them a list of topics and had plenty of time to do so. *Id.*

Defendants argue that they will be prejudiced if the Court reopens discovery because they have already filed a motion for partial summary judgment, and reopening discovery may manufacture a genuine issue of material fact. *Id.* at 91. Courts prefer to decide cases on the merits. The Court recognizes, however, that defendants will be slightly prejudiced if the plaintiff discovers new information that could defeat summary judgment. Defendant also argues that the plaintiff cannot identify a timeframe for the depositions. The Court again recognizes that allowing the plaintiff to take these two additional depositions will delay the proceedings, but the Court believes that the delay can be minimized. Regarding the reason for the delay and whether plaintiff acted in good faith, the Court considers plaintiff's counsel's health issues regarding the 30(b)(6) deposition and the amount of effort that plaintiff has taken regarding Mergerson's deposition. The Court finds that the plaintiff has acted in good faith here. On balance, and considering equity and the circumstances of this case, the Court declines to reopen discovery, but will allow plaintiff to take these two depositions out of time.

//

//

//

//

## V.  CONCLUSION, RECOMMENDATION and ORDER

For the foregoing reasons, I **RECOMMEND** that:

1. Nonparty Shandana Mergerson be held in CONTEMPT of the subpoena (ECF No. 61-2) and Court's Order to Show Cause. *ECF No. 76*.

2. As of the date that the District Judge adopts this Report and Recommendation, if nonparty Shandana Mergerson does not agree to her deposition or continues to not comply with the Order, <u>and this is made known to the Court by plaintiff's counsel</u>, the Court will issue a bench warrant for Shandana Mergerson's arrest ordering that she be civilly incarcerated until she complies with the Court's Order.

For the foregoing reasons, I **ORDER** that:

1. Plaintiff's request for a discovery extension (ECF No. 88) is **GRANTED IN PART.** Plaintiff is allowed to take the two depositions discussed in this Order out-of-time but declines to reopen discovery.

2. The Clerk of Court is kindly DIRECTED TO MAIL a copy of this Report and Recommendation and Order to Shandana Mergerson at 10245 S. Maryland Parkway #125, Building #25, Las Vegas, NV, 89183 per *ECF No. 80-1*.

3. Plaintiff shall also **immediately** serve in accordance with Fed. R. Civ. P. 4(e)(2), Shandana Mergerson (1) a copy of this Report and Recommendation, and Order, and (2) a new subpoena to take her deposition. Plaintiff must file his notice of compliance regarding service by **July 25, 2025.** If Mergerson complies or otherwise agrees to be deposed, counsel must **immediately** notify the Court by filing a notice on the docket. Counsel must work with Mergerson to take her deposition if she agrees to comply prior to the District Judge's ruling on the Report and Recommendation.

//

7

4. Regarding the 30(b)(6) deposition, plaintiff must, by **July 25, 2025**, send the defendants his proposed 30(b)(6) topics. The parties must work together to complete the 30(b)(6) deposition by **August 18, 2025.**

Dated:  July 11, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

# NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**